UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTORY ILSUNG, | No. 2: 16-cv-2126 KJN P |
| Plaintiff, | |
| v. | ORDER |
| WILLIAM MITCHELL, et al., | |
| Defendants. | |

Introduction

      Plaintiff is a state prisoner, proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff consented to proceed before the undersigned for all purposes. See 28 U.S.C. § 636(c).

      Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

      Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments

1

of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

As discussed below, plaintiff's complaint must be dismissed, but plaintiff is granted leave to file an amended complaint.

Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations

1  sufficient "to raise a right to relief above the speculative level." Id. at 555. However, "[s]pecific
2  facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what
3  the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93
4  (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).
5  In reviewing a complaint under this standard, the court must accept as true the allegations of the
6  complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most
7  favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other
8  grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Plaintiff's Allegations

Plaintiff has an AV fistula through which he receives hemodialysis. On July 27, 2015, plaintiff was told he could no longer push the dinner tray cart because of the AV fistula; defendant Mitchell, an RN, explained to plaintiff that due to the possibility that plaintiff's fistula might bleed into the sealed dinner trays, plaintiff could no longer help push the cart. When plaintiff appealed, defendant Infante explained that plaintiff's food assessment form was outdated, and he need only update his food handling before returning to work. (ECF No. 1 at 11.) Plaintiff immediately had the form updated, but rather than reinstate plaintiff to the volunteer position, Infante refused to reassign plaintiff to the food cart, and a member of the "Reasonable Accommodation Panel" ("RAP"), began "conjuring" up other reasons to prevent plaintiff from pushing the cart. Plaintiff alleges that the remaining defendants failed to correct the discriminatory error as well, some of whom were solely involved in the administrative appeal process. Plaintiff states that volunteering with food distribution allowed him access to more food. Plaintiff claims other inmates now speculate about plaintiff's medical ailments, suggesting he has HIV or Hepatitis C or other ailments that precludes him from food service. Plaintiff states that defendant Mitchell brags to other prisoners about Mitchell's use of power to keep plaintiff from volunteering, and uses jokes to harass plaintiff about not being allowed to assist.

Plaintiff claims discrimination under the Fourteenth Amendment, and violations of his right to due process, equal protection, and the Eighth Amendment. Plaintiff seeks injunctive relief returning him to his volunteer position, as well as money damages.

Discussion

      Fourteenth Amendment:  Due Process

      Plaintiff does not have a liberty or property interest in a volunteer job, therefore termination from that position does not impose an atypical or significant hardship in violation of the due process clause.  Kelley v. Trusler, 217 F.3d 845 (9th Cir. 2000) ("Kelley did not have a liberty or property interest in his volunteer job in the prison law library and the termination from that job did not impose on Kelley an atypical or significant hardship.  See Sandin v. Conner, 515 U.S. 472, 483-84 (1995)").

      Moreover, plaintiff cannot state a due process claim based on defendants' role in the inmate appeal process.  The Due Process Clause protects plaintiff against the deprivation of liberty without the procedural protections to which he is entitled under the law.  Wilkinson v. Austin, 545 U.S. 209, 221 (2005).  However, plaintiff has no stand-alone due process rights related to the administrative grievance process.  Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).

      Plaintiff's due process claims are dismissed.

      Fourteenth Amendment:  Equal Protection

      As the Supreme Court recently reiterated, "'[T]he central purpose of the Fourteenth Amendment was to eliminate racial discrimination emanating from official sources in the States.'"  Pena-Rodriguez v. Colorado, 2017 WL 855760, at *2 (U.S. Mar. 6, 2017), quoting McLaughlin v. Florida, 379 U.S. 184, 192 (1964).  "Prisoners are protected under the Equal Protection Clause of the Fourteenth Amendment from invidious discrimination based on race." Wolff v. McDonnell, 418 U.S. 539, 556 (1974) (citation omitted).  Prisoners are also protected against discrimination on the basis of religion.  See Cruz v. Beto, 405 U.S. 319, 321-22 (1972) (per curiam).

      The Equal Protection Clause of the Fourteenth Amendment requires that all similarly situated persons be treated equally under the law.  City of Cleburne, Tex. v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985).  To state an equal-protection claim, a plaintiff must allege facts demonstrating that defendants acted with the intent and purpose to discriminate against him based

4

upon membership in a protected class or that defendants purposefully treated him differently than similarly situated individuals without any rational basis for the disparate treatment. Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001); see also Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000). "Because 'the disabled do not constitute a suspect class' for equal protection purposes, a governmental policy that purposefully treats the disabled differently from the non-disabled need only be 'rationally related to legitimate legislative goals' to pass constitutional muster." Lee, 250 F.3d at 687. Under the rational basis test,

> the Equal Protection Clause is satisfied so long as there is a plausible policy reason for the classification, the legislative facts on which the classification is apparently based rationally may have been considered to be true by the governmental decisionmaker, and the relationship of the classification to its goal is not so attenuated as to render the distinction arbitrary or irrational.

Nordlinger v. Hahn, 505 U.S. 1, 11 (1992) (citations omitted).

Plaintiff's equal-protection claim fails because he did not "allege a racial or religious basis upon which the alleged discrimination would have taken place." Kelley, 217 F.3d at 845, citing see Washington v. Davis, 426 U.S. 229, 239-40 (1976); Freeman v. Arpaio, 125 F.3d 732, 737 (9th Cir. 1997). The physical and mentally disabled are not suspect classes. In addition, plaintiff does not allege that defendants purposefully treated him differently than similarly situated individuals without any rational basis. Rather, plaintiff alleges a number of plausible reasons he was denied the ability to volunteer to push the cart, each of which may constitute a rational basis for the decision. Therefore, plaintiff's equal protection claims are dismissed without prejudice.

Eighth Amendment

Plaintiff alleges that the alleged "totality of conditions" also constitute a violation of the Eighth Amendment, essentially setting forth the actions taken by each defendant. (ECF No. 1 at 27.)

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are

sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9 (1992) (citations and quotations omitted). "An Eighth Amendment claim that a prison official has deprived inmates of humane conditions must meet two requirements, one objective and one subjective. Under the objective requirement, the prison official's acts or omissions must deprive an inmate of the minimal civilized measure of life's necessities. The subjective requirement, relating to the defendant's state of mind, requires deliberate indifference." Lopez v. Smith, 203 F.3d 1122, 1132-33 (9th Cir. 2000) (quoting Allen v. Sakai, 48 F.3d 1082, 1087 (9th Cir. 1995)).

Plaintiff's allegations fall far short of such standards. Plaintiff fails to identify how he was deprived of life's necessities or a basic human need. Plaintiff "cannot rely on a vague conclusion that 'totality of conditions' violates the eighth amendment." Hoptowit v. Ray, 682 F.2d 1237, 1287 (9th Cir. 1982). Plaintiff's Eighth Amendment claims are dismissed.

Discrimination

In his complaint, plaintiff alleges "discrimination," solely relying on the Fourteenth Amendment. As discussed above, his allegations fail under the Fourteenth Amendment. However, disabled prisoners enjoy greater protection under the Americans with Disabilities Act ("ADA"). It is unclear whether plaintiff can state a potentially cognizable ADA claim, but in an abundance of caution, the undersigned grants plaintiff leave to amend, and provides him with the standards governing such claims below.

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Title II defines "qualified individual with a disability" as "an individual with a disability who, with or without reasonable modifications . . . meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity." Id. § 12131(2).

Disability means, with respect to an individual, "(A) a physical or mental impairment that substantially limits one or more major life activities of such [an] individual; (B) a record of such

6

an impairment; or (C) being regarded as having such an impairment." Id. § 12102(1)(A)-(C). The Act directs that this definition be construed "in favor of broad coverage . . . to the maximum extent permitted" by the Act. Id. § 12102(4). However, "[m]erely having an impairment does not make one disabled for the purpose of the ADA." Toyota Motor Mfg. v. Williams, 534 U.S. 184, 195 (2002) (overruled on other grounds by the ADA Amendments Act of 2008)). To prove disability, a plaintiff must show that the impairment substantially limits a major life activity. 42 U.S.C. § 12102(1); Toyota Motor Mfg., 534 U.S. at 195. That is, a plaintiff must demonstrate a permanent or long-term impairment that "prevents or severely restricts" his or her ability to engage in "activities that are of central importance to most people's daily lives." Toyota Motor Mfg., 534 U.S. at 198.

Although the ADA does not expressly provide for reasonable accommodations, the implementing regulations provide that "[a] public entity shall make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity." 28 C.F.R. § 35.130(b)(7). The United States Supreme Court has held that a prisoner may state an ADA claim based on the "alleged deliberate refusal of prison officials to accommodate [a prisoner's] disability-related needs in such fundamentals as mobility, hygiene, medical care, and virtually all other prison programs." United States v. Georgia, 546 U.S. 151, 157 (2006).

Both the ADA and the Rehabilitation Act apply in the prison context. Armstrong v. Schwarzenegger, 622 F.3d 1058, 1063 (9th Cir. 2010). The Rehabilitation Act similarly provides that "[n]o otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a). A prison inmate states a colorable claim under both Acts if he alleges that he was "improperly excluded from participation in, and denied the benefits of, a prison service, program, or activity on the basis of his physical handicap," Armstrong v. Wilson, 124 F.3d 1019, 1023 (9th Cir. 1997), and courts apply the same standards to each. Zukle v.

Regents of Univ. of California, 166 F.3d 1041, 1045 n.11 (9th Cir. 1999).

Moreover, under the Rehabilitation Act, the applicable standard for the review of the Act's statutory rights in a prison setting to be equivalent to the review of constitutional rights in a prison setting, as outlined by the Supreme Court in Turner v. Safley, 482 U.S. 78 (1987)." Gates v. Rowland, 39 F.3d 1439, 1447 (9th Cir. 1994). "[W]hen a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonable related to legitimate penological interests." Turner, 482 U.S. at 89. Prisoners must address the reasonableness of prison policies by using the following factors:

> (1) whether there is a valid, rational connection between the prison policy and the legitimate governmental interest put forward to justify it; (2) whether there are alternative means of exercising the right; (3) the impact that accommodation of the constitutional right will have on guards, on other inmates, or on the allocation of prison resources; and (4) whether the regulation or policy is an "exaggerated response" to prison concerns. The burden is on the inmates to show that the challenged regulation is unreasonable under Turner.

Casey v. Lewis, 4 F.3d 1516, 1520 (9th Cir. 1993) (citations omitted); Gates, 39 F.3d at 1447 ("Under the standard of review announced in Turner, deference is due to the prison authorities' policy not to open food service jobs to HIV-infected inmates.").

Finally, the ADA does not provide for individual capacity suits against state officials with respect to a claim based on discrimination in the provision of public services. Vinson v. Thomas, 288 F.3d 1145, 1156 (9th Cir. 2002). In other words, plaintiff cannot name individual prison staff as a defendant in an ADA claim. Rather, the proper defendant to be named in such a claim under the ADA is the public entity responsible for the alleged discrimination. See 42 U.S.C. § 12132; Pennsylvania Dep't of Corrections v. Yeskey, 524 U.S. 206, 210 (1998) ("State prisons fall squarely within the statutory definition of "public entity[.]").

Leave to Amend

For the above reasons, plaintiff's complaint must be dismissed. The court, however, grants leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. Rizzo v.

1  Goode, 423 U.S. 362, 371 (1976).  Also, the complaint must allege in specific terms how each

2  named defendant is involved.  Id.  There can be no liability under 42 U.S.C. § 1983 unless there is

3  some affirmative link or connection between a defendant's actions and the claimed deprivation.

4  Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743

5  (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil

6  rights violations are not sufficient.  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

7        In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

8  make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

9  complaint be complete in itself without reference to any prior pleading.  This requirement exists

10 because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.

11 Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

12 pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

13 original complaint, each claim and the involvement of each defendant must be sufficiently

14 alleged.

15        In accordance with the above, IT IS HEREBY ORDERED that:

16        1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

17        2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

18 is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

19 § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

20 Director of the California Department of Corrections and Rehabilitation filed concurrently

21 herewith.

22        3.  Plaintiff's complaint is dismissed.

23        4.  Within thirty days from the date of this order, plaintiff shall complete the attached

24 Notice of Amendment and submit the following documents to the court:

25            a.  The completed Notice of Amendment; and

26            b.  An original and one copy of the Amended Complaint.

27 Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the

28 Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must

1  also bear the docket number assigned to this case and must be labeled "Amended Complaint."

2  Failure to file an amended complaint in accordance with this order may result in the

3  dismissal of this action.

4  Dated: March 14, 2017

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/ilsu2126.14

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTORY ILSUNG,<br><br>    Plaintiff,<br><br>    v.<br><br>WILLIAM MITCHELL, et al.,<br><br>    Defendants. | No.  2:16-cv-2126 KJN P<br><br>NOTICE OF AMENDMENT |

    Plaintiff submits the following document in compliance with the court's order filed_____.

    _____    Amended Complaint

DATED:

                                             _____
                                             Plaintiff

1